DREYER v. MEYER et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1896.)

TRIAL BY COURT—EXCLUSION OF EVIDENCE.
  On a trial before a justice without a jury, where the only issue was whether defendant had made a certain payment, the exclusion of a receipt which defendant swore that plaintiff signed with his mark, but which plaintiff and his son denied, was without prejudice, as the ruling in effect determined the question of fact at issue.

Appeal from Kings county court.

Action by Benjamin Dreyer against John H. Meyer and Henry Meyer for balance due for work. From a judgment affirming a judgment in favor of plaintiff, recovered before a justice of the peace, defendants appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Frank N. O'Brien, for appellants.
Klein & Rondich, for respondent.

PER CURIAM. This action is to recover balance due for work done by the plaintiff as painter. The only question litigated on the trial was whether plaintiff had been paid in full or not. The

real dispute was whether a certain payment of $117 was or was not made. The determination of the case involved the simple question who were to be believed, the plaintiff and his son or the defendants. The transaction in dispute was so simple, and so barren of surrounding circumstances tending to support either one party or the other, that on this record it is impossible for the appellate court to say who should have been credited. The determination of the justice, who saw the witnesses and heard them testify, must necessarily be conclusive. It is claimed that the justice erred by refusing to admit in evidence a certain receipt, which defendants swore the plaintiff signed with his mark, but which the plaintiff and his son denied. It is a sufficient answer to this that the receipt in dispute had already been offered and received in evidence without objection. Further, the case was not tried by a jury, but before the justice. It appears he subsequently excluded the receipt, on the ground that it was not proved to have been executed by the plaintiff. As he tried and determined the questions of fact in the case, this ruling was, in effect, not a ruling on a question of law, but his decision that, as matter of fact, the plaintiff did not sign the receipt. The error was, therefore, harmless.

The judgment appealed from should be affirmed, with costs.